**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| BERNETTA WARNER-FREEMAN, | : | MOTION TO VACATE |
| also known as Bernetta Freeman-Warner, | : | 28 U.S.C. § 2255 |
| | : | |
| Movant, | : | CRIMINAL INDICTMENT NO. |
| | : | 1:06-CR-0185-TWT-JFK-1 |
| v. | : | |
| | : | CIVIL FILE NO. |
| UNITED STATES OF AMERICA, | : | 1:09-CV-2143-TWT-JFK |
| Respondent. | | |

**MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant brings this 28 U.S.C. § 2255 motion challenging her conviction and sentence in this Court under the above criminal docket number. The Clerk of Court is **DIRECTED** to adjust the docket to show Movant as Bernetta Warner-Freeman, also known as Bernetta Freeman-Warner. (See Doc. No. 55 at 2). The matter is before the Court on the § 2255 motion (Doc. No. 80), the government's response (Doc. No. 85), and Movant's reply (Doc. No. 87), as supplemented (Doc. No. 95); and on Movant's motion fo release pending a decision on her § 2255 motion (Doc. No. 94). For the reasons discussed below, it is recommended that Movant's § 2255 motion and motion for release be denied.

AO 72A
(Rev.8/82)

## I. Background

The Grand Jury charged Movant on the following two counts: Count One, uttering a forged and counterfeit security, in violation of 18 U.S.C. §§ 2, 513(a), and Count Two, transportation of stolen property, in violation of 18 U.S.C. §§ 2, 2314. (Doc. No. 1). On June 27, 2006, represented by Louise T. Hornsby, Movant pleaded guilty to Count Two. (Doc. No. 34, "Guilty Plea and Plea Agreement"; Doc. No. 56). In exchange, the government, among other things, agreed that it would file a dismissal of Count One, would not bring against Movant further criminal charges related to the charge to which she pleaded guilty, and would recommend a two-level adjustment for acceptance of responsibility.[1] (Doc. No. 34, "Guilty Plea and Plea Agreement" ¶¶ 3,

---

[1] The Court notes that

> Defendants can obtain concessions in exchange for their promises in plea agreements only if those promises are credible. A defendant . . . who promises not to appeal, and then appeals anyway (requiring the United States to invest in the appeal the prosecutorial resources it sought to conserve), injures other defendants who plan to keep their promises, but can't distinguish themselves from those who sign with their fingers crossed behind their backs.
>
> . . . If the defendant does not keep his promises, the prosecutor is not bound either. This is established for broken agreements to cooperate. A defendant who . . . does not carry through, forfeits the benefits of the agreement, and the United States is free to reinstate dismissed charges and continue the prosecution.

4). Movant voluntarily and expressly waived the right to appeal her conviction and sentence and the right to collaterally attack her sentence in a § 2255 motion, except in limited circumstances not applicable here. (Id. ¶ 9). The Court accepted Movant's guilty plea, and in a judgment and commitment order entered on November 16, 2006, the Court sentenced Movant to an eighty-four month term of imprisonment. (Doc. No. 39). In accord with the plea agreement, the Court granted the government's motion to dismiss Count One against Movant. (Id. at 1).

Movant, represented by Lynn Fant, directly appealed and argued that (1) counsel provided ineffective assistance based on her comments during Movant's sentencing, (2) the government breached the plea agreement by pointing out grounds for an upward departure at sentencing, (3) the court erred in finding an aggravated role without requiring the government to prove disputed facts, and (4-7) the upward departure and sentence were unreasonable/unlawful. (Doc. No. 85, Ex. A at 1-2). In her reply brief, Movant argued that she had not effectively waived her right to appeal her sentence and that the waiver should not be enforced. (Reply Br. for Appellant at 1-22, United States v. Warner-Freeman, 270 F. App'x 754 (11th Cir. 2008), 2007 WL 4983277). The Eleventh Circuit Court of Appeals found that the government had not

---

United States v. Hare, 269 F.3d 859, 862-63 (7th Cir. 2001).

breached the plea agreement, that the appeal waiver was valid, and that Movant could not appeal her sentence. Warner-Freeman, 270 F. App'x at 756-57. The United States Supreme Court denied certiorari on October 6, 2008. Warner-Freeman v. United States, _ U.S. _, 129 S. Ct. 169 (2008).

On August 5, 2009, Movant filed this § 2255 motion, in which she asserts the following nine grounds for relief:[2]

(1) Movant's criminal history impermissibly was based on convictions that were more than ten years old (which resulted in the upward departure); the government did not give proper notice of the possibility of an upward departure; the pre-sentencing report (contrary to the plea agreement) stated that she could appeal an upward departure; and Counsel ineffectively let the Court miscalculate her criminal history points. (Doc. No. 80 at 5).

(2) Counsel ineffectively negotiated a plea bargain in which the government agreed to recommend a two-point reduction based on Movant accepting responsibility but did not agree to forgo arguing for an upward departure based on her criminal history. (Id. at 6).

(3) The government provided insufficient evidence at sentencing to support the two points Movant received for her role in the offense; her conviction had no legal or factual basis; and Counsel was ineffective in "letting this happen[.]" (Id. at 8).

(4) Counsel ineffectively failed to object to the pre-sentencing report, and her sentence resulted, in part, from false information in the report. (Id. at 9).

---

[2]In her § 2255 motion, Movant enumerated Grounds One through Four. (Doc. No. 80 at 5-9). Grounds Five through Nine are taken from her memorandum and amendment. (Doc No. 80, Mem.; Doc. No. 82).

4

(5)    Counsel, knowing Movant's criminal history, was ineffective in negotiating a plea bargain in which Movant waived "all of [her] rights[,]" she received no substantial benefit, and the appeal waiver did not allow her to appeal an upward departure. (Id., Mem. at unnumbered page 1-2, 6).

(6)    Appellate Counsel was ineffective for failing to adequately inform the Eleventh Circuit that the pre-sentencing report had stated that she could appeal an upward departure, the government breached the plea agreement, and she should have been allowed to appeal an upward departure that resulted in "108 months for a white collar crime." (Id., Mem. at unnumbered page 5).

(7)    Counsel was ineffective in failing to investigate and prepare, interview witnesses, communicate a plea offer "[on] the lower end of the guidelines[,]" or consult with Movant on the pre-sentencing report. (Doc. No. 82 at unnumbered page 1, 2).

(8)    Counsel operated under a conflict of interest, manifested at sentencing, in that she is related to Movant and was worried about upholding the family name. (Id.).

(9)    Counsel provided ineffective assistance at sentencing in essentially becoming a witness against Movant. (Id. at 2).

The government has responded and Movant has replied, and the matter is now ready for disposition. The government's response and Movant's reply are discussed, as necessary, below.[3]

---

[3]In her supplement, (Doc. No. 95), Movant has cited Skilling v. United States, _ U.S. _, 130 S. Ct. 2896 (2010). That case, however, is unhelpful because the issues it decided are not involved in Movant's case. See id. at 2907 (rejecting claim that pre-trial publicity prevented Skilling from receiving a fair trial and deciding that, because Skilling's conduct included no bribe or kickback, he had not deprived another of the intangible right of honest services, in violation of 18 U.S.C. §§ 371, 1343, 1346).

5

**II.     28 U.S.C. § 2255 Standard**

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Section 2255 relief is limited. A § 2255 motion "may not be a surrogate for a direct appeal[,]" and a defendant "must assert all available claims on direct appeal[.]" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). An alleged error "'decided adversely to a defendant on direct appeal . . . cannot be re-litigated in a collateral attack under section 2255.'" United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" United States v. Frady, 456 U.S. 152, 164 (1982). Within this framework, a constitutional claim of ineffective assistance of counsel, if not otherwise waived, is properly raised on collateral review in order to allow for adequate development and presentation of the facts pertinent to such a claim. Massaro v. United States, 538 U.S. 500, 505-09 (2003).

---

Movant was not convicted for violating any of those statutory sections.

6

This Court will grant a hearing on a motion to vacate unless "'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . .'" Fontaine v. United States, 411 U.S. 213, 215 (1973) (quoting § 2255); Downs-Morgan v. United States, 765 F.2d 1534, 1536-37 (11th Cir. 1985). "'A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [Movant's] allegations are affirmatively contradicted by the record.'" Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Because, as indicated by the discussion below, "'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[,]'" Fontaine, 411 U.S. at 215 (quoting § 2255), an evidentiary hearing is not warranted.

### III. Discussion

#### A. Ineffective Assistance of Counsel in Regard to the Guilty Plea and Appeal Waiver (from Grounds Two, Three, Five, and Seven)

During the plea hearing, the elements of Movant's offense of conviction were reviewed. Movant agreed that she had gone over with counsel the charges against her in Count Two, had been charged with the "transportation in interstate commerce of a forged or counterfeit security," and was pleading guilty to doing so. (Doc. No. 56 at

7

12-14). The government reviewed the evidence; Movant agreed that she was guilty of the offense in Count Two; and the Court found that there was a factual basis for the guilty plea. (Id. at 18-20). The Court asked Movant if she understood that the Court could sentence her to as much as ten years (120 months) in prison, and Movant stated, "Yes, sir." (Id. at 14). The Court asked Movant whether she understood that the Court had authority to impose a sentence more severe than the sentencing guidelines range, and Movant answered, "Yes, sir." (Id. at 15). The Court asked Movant, "Do you understand that if the sentence is more severe than you expected, you will still be bound by your plea of guilty and will have no right to withdraw it?" Movant answered, "Yes, sir." (Id. at 16-17).

At sentencing, the Court repeated that the statutory penalty was up to ten years (120 months) and stated that the guidelines range was thirty-three to forty-one months. (Doc. No. 55 at 12). The Court found that Movant's criminal history score, which did not "even take into consideration 13 prior convictions[,]" was "twice what would put her in a criminal history category of six," found that an upward departure was warranted, and imposed an eighty-four month term of imprisonment, within the statutory maximum to which Movant had agreed she could be sentenced. (Id. at 19-20). As indicated earlier, the Eleventh Circuit Court of Appeals found that the

8

government did not breach the plea agreement by supporting an upward departure, that the appeal waiver was valid, and that Movant could not appeal her sentence. Warner-Freeman, 270 F. App'x at 756-57.

Movant argues in her § 2255 motion that Counsel provided ineffective assistance in regard to the guilty plea because[4] (2) she negotiated an unhelpful plea agreement in which the government agreed to recommend a two-point reduction based on Movant accepting responsibility but did not agree to forgo arguing for an upward departure based on Movant's criminal history; (3) she advised Movant to plead guilty when there was no legal or factual basis to support her conviction;[5] (5) she knew Movant's criminal history and, nonetheless, negotiated a plea agreement that afforded no substantial benefit to Movant and included an appeal waiver that foreclosed an appeal from an upward departure; and (7) she failed to investigate and prepare, interview witnesses, or communicate a plea offer "[on] the lower end of the

---

[4] The Court uses the enumeration of Movant's grounds/claims, as set out previously.

[5] To the extent Movant intended to raise a separate claim that her plea is invalid because it is without legal or factual support, that claim fails because a "guilty plea waive[s] all non-jurisdictional defects in the proceedings against [a defendant]; and [a] sufficiency of the evidence challenge is non-jurisdictional." United Sates v. Viscome, 144 F.3d 1365, 1370 (11th Cir. 1998).

9

guidelines[.]"[6]  (Doc. No. 80 at 6, 8, Mem. at unnumbered page 1-2, 6; Doc. No. 82 at unnumbered pages 1, 2).

The government argues that Movant does not show that counsel was deficient or that she would have gone to trial but for counsel's alleged deficiencies in regard to her decision to plead guilty.  (Doc. No. 85 at 21-22).  The government also argues that there is nothing to show that the government would have acquiesced to a narrower waiver in light of the evidence against Movant.  (Id. at 19).  Movant replies but does not add anything that requires further discussion.  (Doc. No. 87).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced her.  Id. at 690-92.  The Court may resolve an ineffective-assistance-of-counsel claim based on either of the above prongs.  Atkins v. Singletary, 965 F.2d 952, 958-59 (11th Cir. 1992).  Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of

---

[6]There is no indication that a plea offer existed that counsel failed to communicate to Movant, and this assertion is taken to mean that counsel should have obtained a more favorable plea agreement.

10

professionally competent assistance." Strickland, 466 U.S. at 690.  Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  The movant has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000).

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a movant must show that the advice she received from counsel "'fell below an objective standard of reasonableness'" and "that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citation omitted).  "The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove 'serious derelictions' in [her] counsel's advice regarding the plea." Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (citation omitted).  The Supreme Court has stated that:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent

11

> collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). A movant's bare allegation that he or she would not have pleaded guilty is insufficient to establish prejudice. United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985) (rejecting as insufficient to show prejudice defendant's allegation "she would not have pleaded guilty if her trial counsel had advised her of the deportation consequences"), abrogated on other grounds, Padilla v. Kentucky, _ U.S. _, 130 S. Ct. 1473, 1481 n.9, 1483-84 (2010).

Movant fails to show that she received ineffective assistance of counsel in regard to her plea agreement and the plea proceedings. Movant's contention that counsel was ineffective in allowing her to plead guilty when there was not a factual or legal basis for her doing so is affirmatively contradicted by the record. (See Doc. No. 56 at 12-14, 18-20). Although Movant states counsel should have investigated, prepared, and interviewed witnesses, her claim is conclusory, she makes no concrete showing as to what further investigation would have revealed, and she does not demonstrate that there is a reasonable probability that such activity by counsel would have changed counsel's advice or her decision to plead guilty. (See Doc. No. 82).   Further, Movant

12

fails to show that counsel was deficient for failing to obtain a plea agreement that limited the government's ability to argue for an upward departure, allowed her to appeal from an upward departure, and/or required the government to recommend a sentence at the low end of the guidelines range. All Movant shows is that she would have preferred a more favorable plea agreement – such a showing could be made by almost anyone who has entered into a guilty plea.[7] Such a showing is insufficient to show a "serious dereliction" by counsel in regard to her representation during the plea proceedings. Stano, 921 F.2d at 1150. Further, Movant does not show prejudice. Movant nowhere indicates that she would have considered going to trial rather than pleading guilty if counsel's advice had been different. By pleading guilty, Movant, among other things, obtained the dismissal of Count One, charging her with uttering a forged/counterfeit security, and the government's promise to forgo bringing further criminal charges against her in relation to Count Two. Those significant benefits weigh against the suggested inference that, if she had received different advice from counsel, there was a reasonable probability that she would not have pleaded guilty.

---

[7]Although Movant would rather have been able to appeal an upward departure, the Court notes that (1) her 84-month sentence is 36 months less than the 120-month sentence she agreed the Court could impose and (2) she agreed that if her sentence was more severe than she expected she would remain bound by her guilty plea and would have no right to withdraw it. (See Doc. No. 56 at 14-17).

13

Grounds Two, Three, Five, and Seven fail in regard to Movant's claims that Counsel provided ineffective assistance on the decision to plead guilty.

### B. Sentencing Claims and Ineffective Assistance of Counsel in Regard to Sentencing (from Grounds One, Three, Four, Seven, Eight, and Nine)

Movant has argued that (1) her criminal history was based on convictions that were more than ten years old, the government did not give proper notice of the possibility of an upward departure, and Counsel was ineffective in letting the Court miscalculate her criminal history points; (3) the government provided insufficient evidence at sentencing to support the two points she received for her role in the offense and counsel was ineffective on the issue; (4) Counsel ineffectively failed to object to the pre-sentencing report, and her sentence resulted, in part, from false information in the report; (7) Counsel was ineffective in failing to consult with Movant on the pre-sentencing report; (8) Counsel operated under a conflict of interest, manifested at sentencing, based on her relationship to Movant and concern with upholding the family name; and (9) Counsel provided ineffective assistance at sentencing in essentially

becoming a witness against Movant.[8]  (Doc. No. 80 at 5, 8, 9; Doc. No. 82 at unnumbered page 1, 2).

The Eleventh Circuit Court of Appeals already has decided that (1) "[b]ecause the district court personally addressed [Movant] and confirmed her understanding of the waiver's terms, [she] validly and knowingly waived appeal of her criminal conviction and sentence on any ground" and (2) her sentencing claims were, thus, foreclosed.  Warner-Freeman, 270 F. App'x at 756-57.  Further, the appeal waiver forecloses any claim regarding counsel's effectiveness at sentencing.  See Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (stating that a knowing and voluntarily sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing").  Grounds One, Three, Four, Seven, Eight, and Nine fail in regard to Movant's sentence and counsel's assistance on sentencing matters.

### C.    Movant's Appeal and Ineffective Assistance of Appellate Counsel (from Grounds One and Six)

Movant has argued that (1) the pre-sentencing report (contrary to the plea agreement) stated that she could appeal an upward departure and (6) Appellate Counsel

---

[8]Movant's argument regarding the alleged conflict involves only counsel's behavior at sentencing, and Movant presents no argument that the conflict affected counsel's representation during the plea proceedings. (See Doc. No. 82; Doc. No. 87).

15

was ineffective for failing to adequately inform the Eleventh Circuit that the pre-sentencing report had stated that she could appeal an upward departure, the government breached the plea agreement, and she should have been allowed to appeal an upward departure that resulted in "108 months for a white collar crime."[9] (Doc. No. 80 at 5, Mem. at unnumbered page 5).

"The standards applicable to [a movant's] claims of ineffectiveness against trial counsel apply equally to the charges leveled against [her] appellate lawyer. . . .  To prevail, [a movant] must demonstrate both that [her] appellate counsel's performance fell below reasonable professional standards and that [s]he was prejudiced by [her] attorney's substandard performance." Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001) (citations omitted).  Absent a showing "regarding the effect, if any, that a different [appellate] brief would have had on the outcome of proceedings[,]" under Strickland, there is no ineffective assistance of appellate counsel. Id. at 1188.

The Eleventh Circuit rejected Movant's argument that the government breached the plea agreement and found that her appeal waiver was valid and that she could not

---

[9]Contrary to Movant's suggestion that 108 months is excessive for a white collar crime, Congress has enacted laws with the specific concern in mind that white collar crime should not be viewed with leniency.  See United States v. Martin, 455 F.3d 1227, 1240 (11th Cir. 2006).

16

appeal her sentence, notwithstanding the upward departure. Movant cannot relitigate these matters on collateral review. See Nyhuis, 211 F.3d at 1343. Further, appellate counsel was not ineffective for failing to adequately inform the Eleventh Circuit that the pre-sentencing report stated that Movant could appeal an upward departure. There is no reasonable probability that the appellate outcome would have been different when the plea agreement into which Movant entered did not exempt an upward departure from the appeal waiver. (See Doc. No. 34, "Guilty Plea and Plea Agreement" ¶¶ 3, 4). Grounds One and Six fail in regard to matters already decided on appeal and appellate counsel's assistance on appeal.

## IV.   Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

17

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v . McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations marks and citation omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, _, 129 S. Ct. 681, 684 n.3 (2009) (internal quotations marks omitted, citing Slack, 529 U.S. at 484).

      A COA is unwarranted because it is not debatable that Movant has failed to show ineffective assistance of counsel in regard to her guilty plea or ineffective assistance of appellate counsel, and her claims are otherwise barred by her valid appeal waiver. Because this court "has denied the certificate, the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1).

## V. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that (1) this 28 U.S.C. § 2255 motion, (Doc. No . 80), be **DENIED**, (2) Movant's motion for release, (Doc. No. 94), be **DENIED** as moot, and (3) a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT SO DIRECTED and RECOMMENDED** this 10th day of June, 2011.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE